IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-00233-01-CR-W-DGK |
| CHRISTOPHER R. WILLIAMS, | ) |
| Defendant. | ) |

## ORDER REGARDING DEFENDANT'S ACCA SENTENCE

Christopher Williams pled guilty, without a plea agreement, to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). This Court sentenced him to 190 months imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Defendant appealed the ACCA sentence, arguing he did not have three prior serious drug offense convictions that were committed on different occasions. The Eighth Circuit affirmed the ACCA sentence, *United States v. Williams*, 976 F.3d 781 (8th Cir. 2020), but Defendant petitioned the United States Supreme Court for certiorari. The Supreme Court vacated the judgment and remanded for further consideration in light of *Wooden v. United States*, 142 S. Ct. 1063 (2022). *Williams v. United States*, 142 S. Ct. 1439, 1439 (2022). The Eighth Circuit then remanded to this Court "for a new factual determination on the issue of whether Williams had three prior convictions committed on different occasions." ECF No. 56.

The case is now before the Court on remand. Pursuant to the Eighth Circuit's order, the Court held a hearing on October 21, 2022. For the reasons stated below, the Court finds that Defendant has three prior drug sales that were committed on different occasions. Defendant was, therefore, properly sentenced pursuant to the ACCA.

**Background**

The ACCA "provides for a minimum term of fifteen years' imprisonment for a felon in possession of a firearm, if the defendant has three previous convictions for a 'violent felony' or a 'serious drug offense,' committed on occasions different from one another." *United States v. Stowell*, 40 F.4th 882, 884 (8th Cir. 2022) (quoting *United States v. Harris*, 794 F.3d 885, 886 (8th Cir. 2015)). To determine whether a defendant has three prior convictions committed on different occasions, the Eighth Circuit has traditionally used a three-factor analysis; however, the Supreme Court recently provided guidance on the analysis. *See Wooden v. United States*, 142 S. Ct. 1063 (2022).

In *Wooden*, a jury convicted the defendant of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At his sentencing, the Government requested that the district court sentence him under the ACCA given his prior 1997 burglary convictions: in 1997, the defendant unlawfully entered a one-building storage facility and proceeded to steal various items from ten different storage units over the course of one night. *Id.* at 1067. Prosecutors indicted the defendant on ten counts of burglary—in one, single indictment—of which he pled guilty to all counts. *Id*. At issue in *Wooden* was whether those ten burglaries were "occasions different from one another," as defined by the ACCA, or rather a single criminal episode. *Id*. The district court held that the burglaries occurred on ten separate occasions "because the burglary of each unit happened at a distinct point in time, rather than simultaneously," thus taking a purely temporal approach to the issue. *Id*. Accordingly, the district court found Wooden was an armed career criminal and subject to an enhanced sentence. *Id.* at 1067-68. The Sixth Circuit affirmed, and the Supreme Court reversed and remanded, finding defendant's prior burglary convictions were not "occasions different from one another" for purposes of the ACCA, but rather only one prior conviction when

viewed holistically. *Id.* at 1068. In essence, *Wooden* held that courts should use a "multi-factored" analysis when determining whether a defendant is subject to an enhanced sentence under the ACCA, taking into consideration factors such as timing, proximity in location, and the character and relationships of the offenses, rather than temporal proximity alone. *Id.* at 1070-71.

Here, on July 19, 2017, a grand jury indicted Defendant on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 1. On November 20, 2018, Defendant pled guilty, without a plea agreement, to the charge. Change of Plea Hr'g, ECF No. 27. Defendant was notified at his change of plea hearing that an enhanced sentence under the ACCA may apply. Change of Plea Tr. at 7-9, ECF No. 48. The Presentence Investigation Report ("PSR") stated Williams had at least three prior convictions for a serious drug offense, which were committed on different occasions: on September 13, 1995, Williams distributed cocaine and was convicted of one count of violating RSMo § 195.211 in May 1999; and on or about July 25, July 27, and August 1, 2000, Williams sold cocaine and was convicted of three counts of violating RSMo § 195.211 in October 2002. ECF No. 30. As a result, the Court classified Williams as an armed career criminal and sentenced him to 190 months imprisonment on June 4, 2019. Df.'s Judgment and Commitment, ECF No. 39.

## Discussion

The issue before the Court is whether Defendant is an armed career offender in light of *Wooden*. Defendant primarily challenges the finding that his July 25, July 27, and August 1, 2000, convictions were committed on different occasions, and thus his classification as an armed career criminal. It is undisputed that his September 13, 1995, conviction occurred on a separate occasion.

Defendant argues: (1) that the Fifth Amendment requires any allegations that subject Defendant to an increased punishment under the ACCA to be charged in an indictment; (2) that

3

the Sixth Amendment requires the "separate occasions" question to be submitted to a jury, rather than determined by the Court; (3) that the Court relied on the wrong documents to establish whether Defendant committed offenses on three separate occasions; and (4) a post-*Wooden* analysis shows that Defendant committed offenses on only one occasion, not three separate occasions. The Government addressed Defendant's first two arguments in its original sentencing memorandum, Gov't Sent. Mem., ECF No. 63., and it addressed the last two arguments in its supplemental brief that was filed in response to the Court's order, Gov't Supp. Sent. Mem., ECF No. 65.

After carefully reviewing the parties' briefing as well as the governing precedent, the Court finds that Defendant's arguments are unavailing, and the original ACCA-enhanced sentence is still appropriate.

### I. The Court may sentence Williams under the ACCA regardless of whether his indictment alleged a violation of the ACCA.

Defendant argues his Fifth Amendment rights were violated when the Court imposed an ACCA sentence since his prior convictions were not in the indictment. Df.'s Sent. Mem. at 10-13, ECF No. 60. The Government's position on this issue has changed since this case was first before the Court.[1] At present, the Government argues that the "Court should not impose an ACCA-sentence where neither a grand jury nor a petit jury has found that Williams committed his offenses on separate occasions, [although the Government also] acknowledges that binding Eighth Circuit precedent does not recognize these as procedural obstacles to an ACCA sentence." Gov't Sent. Mem. at 6. Therefore, under its current position, the Government asks that Defendant's sentence

---

[1] As acknowledged by the Government at the recent hearing, the Office of the Solicitor General has recently changed its position on whether, and to what extent, ACCA-predicate offenses must be included in an indictment and decided by a jury.

4

be reduced to 120 months since this Court, rather than a grand jury or petit jury, found Defendant committed his offenses on separate occasions.

Here, the indictment did not allege ACCA allegations, only that Defendant was punishable under § 924(a)(2). The Eighth Circuit has long held that a Defendant may be sentenced under the ACCA even when his indictment does not allege a violation of the ACCA. *See, e.g.*, *United States v. Sohn*, 567 F.3d 392, 394-95 (8th Cir. 2009) (Defendant's "indictment satisfied the Fifth Amendment by including the substantive offense, and the district court may apply a sentence enhancement statute not cited in the indictment, based on prior convictions also not included in the indictment."); *see also United States v. Campbell*, 270 F.3d 702, 707-709 (8th Cir. 2001). Following *Wooden*, the Eighth Circuit has reaffirmed this as the governing law in the Eighth Circuit. *See United States v. Robinson*, 43 F.4th 892, 896 (8th Cir. 2022) (upholding defendant's ACCA enhanced sentence without the separate occasions issue being charged in the indictment and decided by a jury or admitted in a guilty plea). Therefore, Defendant's indictment did not need to include his prior convictions for him to be eligible for sentencing under the ACCA.

## II. The Court may sentence Defendant under the ACCA regardless of whether a jury found that Defendant committed his prior offenses on separate occasions.

Next, Defendant makes the related argument that his Sixth Amendment rights were violated when the Court imposed an ACCA sentence without submitting the separate occasions issue to a jury. Df.'s Sent. Mem. at 13-16. Defendant seemingly roots his argument in the fact "the government has conceded in other cases that a jury, not a judge, must find the facts required by *Wooden* (or a defendant must admit those facts)[.]" *Id.* at 13. Yet, Defendant later acknowledges that *Wooden* declined to address whether the Sixth Amendment requires a jury to determine the issue. *See Wooden*, 142 S. Ct. at 1087 n.7.

5

Much like Defendant's first argument, Eighth Circuit precedent forecloses this argument as well. The Eighth Circuit has consistently held—and continues to hold post-*Wooden*—"that the different occasions analysis involves 'recidivism-related facts' that do not need to be submitted to the jury." *Stowell*, 40 F.4th at 885; *see Robinson*, 43 F.4th at 896 (separate occasions issue decided by judge post-*Wooden*); *United States v. Harris*, 794 F.3d 885, 887 (8th Cir. 2015) (Sixth Amendment not violated because "recidivism is not an element that must be admitted or proved to a jury."); *United States v. Evans*, 738 F.3d 935, 936-37 (8th Cir. 2014) (per curiam), *overruled on other grounds by Johnson v. United States*, 576 U.S. 591, 606 (2015).[2]

In fact, the Eighth Circuit in *Stowell* explicitly stated that "nothing in *Wooden* changed" the Eighth Circuit's ability to determine the "separate occasions" issue without submitting it to the jury. *Stowell*, 40 F.4th at 885-86. This "remains the law of our circuit" post-*Wooden*. *Id.* As such, Defendant was not entitled to have a jury determine the separate occasions issue.

### III. The Court relied on appropriate state court records to establish that Defendant committed offenses on three separate occasions in 2000.

At Defendant's prior sentencing hearing, the Court relied on certified records of Defendant's four prior cocaine distribution convictions, which had been admitted, and the PSR to determine the drug sales were committed on three separate occasions. Sent. Tr. at 10, ECF No. 49. Defendant argues that the Court relied on improper documents because (a) the phrase "on or about" in the certified records are insufficiently specific; (b) the cited dates in the certified records and PSR were not elements of the offenses he was required to admit; and (c) the PSR does not

---

[2] Defendant raises the argument in his Reply to the Government's Supplemental Sentencing Memorandum, ECF No. 66, that the Eighth Circuit panel misquoted *Apprendi v. New Jersey*, 530 U.S. 466 (2000) "in a way that significantly changed *Apprendi*'s true holding." Defendant is essentially advocating for a change in the Eighth Circuit law. That is an issue that the Eighth Circuit—not this Court—should more appropriately address.

6

satisfy the requirements of *Shepard v. United States*, 544 U.S. 13 (2005). Df.'s Sent. Mem. at 16-20. Each argument is precluded by Eighth Circuit precedent.

### A. The Court can rely on records stating that offenses were committed "on or about" certain dates.

First, Defendant argues that the phrase "on or about" in the certified records of conviction render the dates insufficiently specific. *Id.* at 19-20. This argument is unavailing. The Eighth Circuit has repeatedly upheld district court findings that a defendant committed offenses on separate occasions where the district court relied on records stating the offenses were committed "on or about" certain dates. *See, e.g.*, *Stowell*, 40 F.4th at 884-85 (finding separate occasions where the PSR stated "on or about" March 8 and March 11, 2006); *United States v. Jones*, 934 F.3d 842, 843 (8th Cir. 2019) (finding separate occasions where Missouri records stated "on or about" November 8, 2007, November 28, 2007, and January 28, 2009).

### B. The Court can rely on dates that are not elements of the offense.

Second, Defendant argues that the Court could not rely on the dates set forth in the certified records or PSR in its separate occasions analysis because "the date is not an element of the offense" that Defendant was required to admit. Df.'s Sent. Mem. at 19. Again, the Eighth Circuit has rejected this argument. *See, e.g.*, *Robinson*, 43 F.4th at 896 ("In determining the specific dates on which an offense occurred for an ACCA sentence enhancement, a sentencing court does not violate the Sixth Amendment when it considers information outlining the underlying facts of an offense, such as those outlined in a presentence investigation report, in addition to the elements of the offenses of conviction."); *see also Stowell*, 40 F.4th at 885.

### C. The Court is not required to rely only on *Shepard* documents to determine dates.

Third, Defendant argues that the Court improperly relied on the PSR in its separate occasions analysis because the PSR relied on "court records" (namely, "the information, complaint

7

and probable cause statement" from his state court conviction) that do not satisfy the requirements of *Shepard v. United States*, 544 U.S. 13 (2005). Df.'s Sent. Mem. at 16-19.

The Eighth Circuit does not require district courts to rely only on *Shepard* documents to resolve the separate occasions question. *See, e.g.*, *United States v. Richardson*, 483 Fed. App'x 302, 305 (8th Cir. 2012) (finding defendant's Sixth Amendment rights were not violated when the sentencing court used the dates in the PSR to determine the dates of the predicate offenses); *United States v. Boyd*, 956 F.3d 988, 991-92 (8th Cir. 2020) (finding the district court did not err in relying on police reports for sentencing when the reports were described in the PSR and defendant did not object to them before the district court). Furthermore, the Eighth Circuit already rejected this argument on Defendant's appeal, *United States v. Williams*, 976 F.3d 781, 787 (8th Cir. 2020) (citing cases above), and nothing from *Wooden* or the Eighth Circuit's post-*Wooden* caselaw supports a different result. *See Robinson*, 43 F.4th at 896 ("In determining the specific dates on which an offense occurred for an ACCA sentence enhancement, a sentencing court does not violate the Sixth Amendment when it considers information outlining the underlying facts of an offense, such as those outlined in a presentence investigation report, in addition to the elements of the offenses of conviction."); *Stowell*, 40 F.4th at 885–86 ("The district court's use of the PSR to determine the date on which each offense occurred did not violate the Sixth Amendment.").

Accordingly, at the hearing on remand, the Court appropriately reconsidered the state court records and PSR in making its determination.

**IV. Defendant's prior drug sales in 2000 constitute three separate occasions under *Wooden* and controlling Eighth Circuit precedent.**

Lastly, Defendant argues that his drug sales in 2000 constitute one occasion, not three separate occasions post-*Wooden*, stating "*Wooden* makes clear that reliance on temporal proximity

8

alone to establish that two offenses occurred on sperate occasions is not permitted."[3] Df.'s Sent. Mem. at 8. The Court rejects this argument.

As stated earlier, *Wooden* essentially held that courts should use a "multi-factored" analysis when determining whether a defendant is subject to an enhanced sentence under the ACCA, taking into consideration factors such as timing, proximity in location, and the character and relationships of the offenses, rather than temporal proximity alone. *Wooden*, 142 S. Ct. at 1070-71. However, the Supreme Court acknowledged that "[i]n many cases, a single factor—especially of time or place—can decisively differentiate occasions[,]" and that courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart[.]" *Id.* at 1071. According to the Supreme Court, this "determination will be straightforward and intuitive" in most cases. *Id.*

The Eighth Circuit routinely applies a three-factor test to determine whether multiple offenses were committed on separate occasions: "(1) the time lapse between offenses, (2) the physical distance between their occurrence, and (3) their lack of overall substantive continuity." *United States v. Stowell*, 40 F.4th 882, 884 (8th Cir. 2022) (quoting *United States v. Willoughby*, 653 F.3d 738, 743 (8th Cir. 2011)). Contrary to Defendant's argument, the Eighth Circuit has explicitly stated that its three-factor test still applies post-*Wooden*. *Id.* at 884 n.2 ("*Wooden* didn't supplant our three-factor test. In fact, the [Supreme] Court specifically noted that time, proximity, and the character of or relationship between offenses may be relevant."). Therefore, the same analysis applies to cases before this Court both pre- and post-*Wooden.*

---

[3] Defendant also argues that the Rule of Lenity should apply because "[r]easonable minds could differ" as to whether Defendant's sales constitute separate occasions. Df.'s Sent. Mem. at 20-22. This argument is without merit, as the Rule of Lenity only applies to ambiguity or uncertainty within a statute, which is not the case here. *See* Gov't Supp. Sent. Mem. at 6, ECF No. 65.

Here, Defendant sold drugs on or about September 13, 1995, and July 25, July 27, and August 1, 2000. Defendant argues that the three offenses from 2000 are "nearly identical" since each sale was to the same undercover detective and involved roughly the same amount of substance and money. Df.'s Sent. Mem. at 20-21. However, each of these sales occurred more than one day apart, and under Eighth Circuit precedent, "convictions for separate drug transactions on separate days are multiple ACCA predicate offenses, even if the transactions were sales to the same victim or informant." *United States v. Van*, 543 F.3d 963, 966 (8th Cir. 2008) (two cocaine sales on August 15 and August 22, 2002 were separate offenses); *see, e.g.*, *United States v. Ross*, 569 F.3d 821 (8th Cir. 2009) (selling crack cocaine to the same police informant on February 8 and February 11, 2001 were separate offenses); *United States v. Speakman*, 330 F.3d 1080, 1082 (8th Cir. 2003) (sales to the same undercover officer at four different locations on seven different dates were separate offenses); *United States v. Long*, 320 F.3d 795, 802 (8th Cir. 2003) (three drug deliveries on three separate days were separate offenses); *United States v. McDile*, 914 F.2d 1059, 1061 (8th Cir. 1990), *cert. denied*, 498 U.S. 1100 (1991) (four drug sales to two undercover officers in an eight-day period were separate offenses).

Accordingly, Defendant's prior drug sales (on July 25, July 27, and August 1, 2000) constitute three separate occasions for the purposes of the ACCA. Taken together with Defendant's drug sale on September 13, 1995, Defendant has four prior convictions committed on different occasions.

## Conclusion

The Court finds Defendant's prior drug sales were "committed on occasions different from one another," justifying an ACCA enhanced sentence, when viewed in light of *Wooden* and controlling Eighth Circuit precedent.

**IT IS SO ORDERED.**

Date:  October 25, 2022           /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT